**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES J. STOKES, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 11 C 9206 |
| PAPPAS RESTAURANTS, INC., | ) |
|         Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

      Charles Stokes has sued his employer Pappas Restaurants for discrimination based on race for retaliation for making a complaint of discrimination. Stokes filed a *pro se* complaint on a form provided by the clerk's office for employment discrimination cases. He checked off the box on the form stating that he claims discrimination based on race. Compl., p. 4. Next to this box is a reference to Title VII of the Civil Rights Act of 1964 and another statute, 42 U.S.C. §1981. *Id.* Stokes also checked boxes indicating that the Pappas failed to promote him, failed to stop harassment, and retaliated against him because he asserted rights protected by the referenced statutes. *Id.* Stokes asks the Court to direct the defendant to promote him and to "end all harassment of Plaintiff and end all retaliation against Plaintiff," in addition to other relief. *Id.*, p. 5.

      Stokes alleges that he was hired around August 2003 and continues to be employed by Pappas as a server. *Id.*, p. 7. He contends that Pappas: 1) failed to

promoted him while promoting servers of other races; 2) moved him to a "head waiter" position that required him to work more hours for less pay; 3) failed to promote him or even acknowledge his requests for promotion starting in October 2005; 4) failed to stop verbal harassment of African-Americans by employees of other races from August 2004 through February 2005; and 5) failed to stop verbal harassment of African-Americans from February 2005 through 2007. *Id.*, pp. 7-10. Stokes alleges that all of this conduct was based on his race and that the conduct listed as items 2, 3, and 5 was also n retaliation for his filing of a discrimination charge with the EEOC in February 2005. Stokes alleged in his complaint that he received a notice of right to sue from the EEOC on October 4, 2011. He filed this suit on December 28, 2011.

Pappas filed a motion to dismiss for failure to state a claim, arguing that Stokes' complaint should be dismissed under the doctrine of laches. Pappas contended that Stokes did not file suit in timely fashion but instead allowed his charge to languish at the EEOC. Pappas also contended that Stokes had failed to identify any excuse for his six-year delay and that the delay materially prejudiced Pappas.

At a hearing in late July 2012, the Court advised Pappas that because a plaintiff is not required to anticipate affirmative defenses in his complaint, and because Stokes' complaint did not establish on its face all of the elements of a laches defense, there was not a proper basis for dismissal under Rule 12(b)(6). The Court also noted that Pappas' reply brief had included material outside the complaint, specifically an affidavit in support of the motion. The Court asked if Pappas wished to convert the motion to a motion for summary judgment. Pappas replied in the affirmative, and the Court gave

both sides an opportunity to offer additional material in support of and against summary judgment.

On a motion for summary judgment, the Court "view[s] the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 656 (7th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, a court may grant summary judgment "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Court need not determine whether Stokes' six-plus year delay in filing suit was excusable (he argues that it was), because Pappas has failed to demonstrate the absence of a genuine factual dispute regarding the issue of prejudice resulting from the delay. Pappas argues that it is prejudiced by Stokes' delay because witnesses who worked with Stokes in 2005 will not be available; the witnesses who are still available will have incomplete memories of the events; crucial evidence may have been lost or destroyed in the interim; and the delay would subject Pappas to increased back pay liability.

The first three of these arguments are speculative, at least based on the current record. In support of the first point, Pappas offers only the vague contention that given the restaurant industry's high turnover rate, there is a significant likelihood that it no longer employs many of the employees who worked with Stokes in 2005 are no longer

employed by Pappas. Besides being speculative, the mere fact that Pappas does not employ potential witnesses does not render them unavailable. Pappas says the Stokes' failure to identify in his complaint the employees he claims engaged in racial harassment makes it harder to find them. A plaintiff is not required, however, to identify witnesses or even individual perpetrators in his complaint; that is the purpose of the discovery process. In short, it remains to be seen whether this claimed hardship will actually come to pass.

Pappas also contends that it will have to rely on witnesses whose "memories of the alleged events have understandably faded over the past six years." Def.'s Mem. at 6. In support of this assertion, Pappas cites *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 734-35 (7th Cir. 2003). *Smith*, however, says that to show prejudice in this regard, a defendant must show both that witnesses' memories have faded and that this was caused by plaintiff's delay. *Id.* (internal quotation marks omitted). The defendant in *Smith* submitted the affidavits of four witnesses saying that they could no longer recall the relevant facts of the plaintiff's employment. *Id.* at 734-35. Pappas, by contrast, has done nothing of the kind.

Pappas also argues that "evidence that is crucial to Pappas' case may have been lost or destroyed in the six years since Plaintiff filed his charge." Def.'s Mem. at 6. Pappas does not, however, point to any particular evidence relevant to Stokes' claims that is no longer available. Again, its contention is speculative and unsupported.

Finally, Pappas argues that Stokes' six-year delay will expose Pappas to increased back pay liability. In support, Pappas cites *EEOC v. Andrew Corp.*, No. 81 C 4359, 1990 WL 92820, at *5 (N.D. Ill. June 26, 1990). The Court in *Andrew* noted,

however, that other courts have declined to find prejudice on this basis. That aside, because back pay is an issue for the Court, not the jury, it would seem that unreasonable delay is a factor that the Court could consider in determining the amount of any back pay award if and when liability is established. Thus it is unclear whether Pappas actually will be prejudiced in this regard.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [docket no. 9] and directs defendant to answer the complaint by no later than November 7, 2012.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 17, 2012